# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5160 | **DATE** | 4/13/2004 |
| **CASE TITLE** | Prince vs. Campbell, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Various defendants' motions to dismiss the first amended complaint, treated by the court as motions to dismiss the second amended complaint, are granted for failure to state a claim, or lack of jurisdiction or as time- barred. Accordingly, all defendants except Jason Dallman, Doris Doe, Dorothy Campbell and First Consumer Bank are dismissed from this action. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 7 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 14 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | S1 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/13/04 | |
| | MPJ courtroom deputy's initials | | date mailed notice MPJ mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION
```

INGRID PRINCE,                              )
                                            )
                Plaintiff,                  )
                                            )
        v.                                  )
                                            )
DOROTHY CAMPBELL, JOHN DAY, JESSE           )
HARRIS, AAA CHICAGO MOTOR CLUB,             )
JASON DALLMAN, H&R BLOCK TAX                )    No. 03 C 5160
SERVICES, REBECCA EMIGHOLZ, STEVE           )
HARDY, FIRST CONSUMERS NATIONAL             )
BANK, AMERICAN EXPRESS, CITY OF             )
CHICAGO AND CHICAGO POLICE                  )
DEPARTMENT, and DORIS DOE,                  )
                                            )
                Defendants.                 )

## MEMORANDUM OPINION AND ORDER

Plaintiff Ingrid Prince has filed a complaint against numerous corporate and individual defendants in connection with an alleged conspiracy to frame, kidnap, and maliciously prosecute her. Ms. Prince's version of events is as follows. On or about April 27, 2001, she visited the store of defendant AAA Chicago Motor Club ("Chicago Motor"), renewed her membership, and purchased $400 worth of traveler's checks bearing the imprint of defendant American Express Travel Related Services Company, Inc. ("American Express"), with a credit card issued by defendant First Consumers National Bank ("FCNB"). Later, defendant Jason Dallman, a Chicago Motor employee, stole money from his employer and attempted to cover up his wrongdoing by forging paperwork that made it appear that Ms. Prince was responsible for the missing money. Mr. Dallman made a

false report to that effect to the Illinois Department of Central Management Services ("CMS"), which policed the 100 W. Randolph building where Chicago Motor was located. Mr. Dallman gave CMS and its employee, defendant John Day, Ms. Prince's membership and credit card information. Mr. Day then concocted a false charge of credit card fraud and circulated it to a number of people, including her employer, defendant H&R Block Tax Services ("Block"). Defendants Steve Hardy and Rebecca Emigholz, managers at Block, gave Mr. Day Ms. Prince's confidential employee file and work schedule. Mr. Day then called FCNB to report the false charge of credit card fraud, preventing Ms. Prince from accessing her bank account.

Next, Mr. Day, defendant and CMS employee Jesse Harris, defendant and Block employee Doris Doe, Mr. Hardy, and Ms. Emigholz agreed to kidnap Ms. Prince from a tax class she was teaching. She was removed from the class at 203 N. LaSalle in Chicago and taken to the 100 W. Randolph building. There, she was arrested and imprisoned. At a preliminary hearing on the felony charges, a finding of no probable cause was entered. On July 24, 2003, Ms. Prince filed this suit seeking financial restitution from the various defendants. Several defendants moved to dismiss the claims against them. Rather than responding to those motions to dismiss, Ms. Prince made a motion to amend her complaint, which I granted. However, the 19-count second amended complaint fails to cure many

of the deficiencies pointed out in the motions to dismiss. I therefore treat the motions to dismiss the first amended complaint as motions to dismiss the second amended complaint. Those motions are GRANTED as discussed below.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, and grant the motion only if the plaintiff can prove no set of facts to support her claim. *Thompson v. Ill. Dep't of Prof. Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). However, a plaintiff can plead herself out of court by pleading facts that undermine the allegations set forth in her complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Most of the counts in the complaint allege acts by "the defendants"; however, I have attempted to distinguish which counts complain of acts by which defendants.

American Express moves to dismiss the claims against it for failure to state a claim. Ms. Prince's federal claims against American Express fail. Counts I (unlawful arrest), II (false imprisonment), and III (conspiracy to violate Ms. Prince's civil rights), are alleged against all defendants under the theory that all defendants conspired in a grand scheme against Ms. Prince. To state a conspiracy claim under 42 U.S.C. § 1983 against a private actor such as American Express, a plaintiff must allege that: 1) state officials and private individuals reached an understanding to deprive her of her constitutional rights; and 2) the private actors

3

were willful participants in joint activity with the state or its agents. *Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000). However, a vague and conclusory allegation that a conspiracy existed is not sufficient to state a claim; a complaint must contain factual allegations suggesting that defendants reached a meeting of the minds. *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999) (dismissing a conspiracy charge where the complaint included only a bare allegation and failed to specify how or when the defendants allegedly reached an agreement, its terms, or its scope). Furthermore, these claims are time-barred by the two-year statute of limitations governing § 1983 actions, which began to run, at the latest, on the date of Ms. Prince's arrest and confinement, July 17, 2001. *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996).

The failure of the federal claims deprives this court of subject-matter jurisdiction over the remaining state-law claims. However, even if this court had jurisdiction to hear them, Counts IX and XVIII would still fail. In Count IX, Ms. Prince argues that American Express breached its contract with her when it failed to reimburse her for checks which had been stolen by defendant John Day. However, the purchase agreement Ms. Prince submits as Appendix L to the complaint clearly states that American Express will replace lost or stolen checks only if the checks "have not been taken by court order or government action." Ms. Prince alleges

4

that the checks were stolen by John Day, an employee of the State of Illinois, in connection with his employment as a police officer in a state building. Because the checks were taken by government action, the terms of the contract do not entitle Ms. Prince to reimbursement. As to Count XVIII, since Ms. Prince's conspiracy claims fail, she cannot impute the acts of other defendants to American Express. The only acts American Express stands accused of committing in its own right is failing to reimburse Ms. Prince where it had no contractual duty to do so. This cannot support a claim for intentional infliction of emotional distress. This claim is time-barred as well under the two-year statute of limitations for tort actions in Illinois. *Dahl v. Fed. Land Bank Ass'n of W. Ill.*, 572 N.E.2d 311, 314 (Ill. App. Ct. 1991). American Express' motion to dismiss is GRANTED as to all counts.

Defendant City of Chicago ("City") moves to dismiss the claims against it and its non-suable sub-entity, the Chicago Police Department. The Counts which affect the City are I, II, III, and XVIII, which apparently attempt to state a claim against all defendants, and Count XIV, which alleges that the city failed to protect her from the other defendants' conspiracy against her as well as from other acts committed by non-defendant parties. As discussed above, Counts I, II, III, and XVIII are time-barred by the 2-year statute of limitations on § 1983 claims and Illinois personal injury actions. The failure of the federal claims deprives

5

this court of subject-matter jurisdiction over the remaining state-law claims. However, even if this court had jurisdiction to hear it, Count XIV would still fail. Ms. Prince attempts to avoid the statute of limitations as to the failure to protect claim by alleging that the police failed to protect her from apparently unrelated incidents of stalking and the unauthorized use of her credit card. These additional allegations, which are undated, fail to save Count XIV because police "departments have no constitutional duty to protect private persons from injuring each other, at least not where the police department has not itself created the danger." *Hernandez v. City of Goshen*, 324 F.3d 535, 538 (7th Cir. 2003) (police had no duty to investigate credible threats that an employee was planning to kill his co-workers), citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189 (1989). The motion to dismiss all claims against the City of Chicago and the Chicago Police Department is GRANTED.

Defendants Block, Mr. Hardy, and Ms. Emigholz move to dismiss the claims against them. As discussed above, Counts I, II, III, and XVIII are time-barred by the 2-year statute of limitations on § 1983 claims and Illinois personal injury actions. The additional counts which name Block defendants are Counts IV (invasion of privacy), XI (failure to supervise), XII (failure to protect), and XVII (false charge forgery in 2003). Counts XVI and XVII (false light and defamation) also name Mr. Hardy. The failure of the

6

federal claims deprives this court of subject-matter jurisdiction over the remaining state-law claims. However, even if this court had jurisdiction to hear the state claims, most of these counts would still fail. Ms. Prince fails to state a claim for invasion of privacy. Based on the allegations in the complaint, Ms. Prince appears to be attempting to allege that her privacy was violated via public disclosure of private facts when Block employees gave her personnel file and work schedule to Mr. Day in the course of his investigation of her alleged theft. Public disclosure, in the context of the invasion of privacy tort, means communicating the private information to the public at large or to a smaller group of people with whom the plaintiff has a special relationship. *Roehrborn v. Lambert*, 660 N.E.2d 180, 184 (Ill. App. Ct. 1995). Mr. Day is a single individual and has no special relationship with Ms. Prince. Furthermore, no cause of action will lie if the information publicized was a matter of legitimate public concern, *Larsen v. Suburban Med. Ctr.*, No. 98 C 183, 1998 WL 684204, at *5 (N.D. Ill. Sep. 23, 1998), and the identity and whereabouts of an individual suspected of a crime are of legitimate concern to a law enforcement officer like Mr. Day. Ms. Prince also fails to state a claim against Block for failure to supervise its employees or to protect her. The failure to supervise claim appears to be premised on the idea that Block should somehow have anticipated and prevented its employees from sharing any information about Ms. Prince with Mr.

Day. "There is no such thing as intentionally wrongful retention, training, or supervision. ... There is no common law duty to retain, train, or supervise employees in a particular way." *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F. Supp. 2d 951, 957 (N.D. Ill. 2002). The failure to protect claim appears to be similarly premised on the idea that Block should have prevented its employees from cooperating with Mr. Day's investigation and that Block employees should have told Ms. Prince that Mr. Day sought information about her. Ms. Prince provides no support for the notion that her employer or co-workers had any duty to protect her from an investigation into her alleged forgery or from arrest; her bare allegation that they did have such a duty is not sufficient to state a claim. Block, Mr. Hardy, and Ms. Emigholz's motion to dismiss is GRANTED as to all counts.

Defendant Chicago Motor moves to dismiss the counts against it. As discussed above, Counts I, II, III, and XVIII against all defendants are time-barred by the 2-year statute of limitations on § 1983 claims and Illinois personal injury actions. The failure of the federal claims deprives this court of subject-matter jurisdiction over the remaining state-law claims. Even if this court had jurisdiction to hear the state claims, those claims would be dismissed. Chicago Motor is named in Counts XV (false charge theft in year 2003) and XIX (malicious prosecution). Count XV complains of the acts of CMS and its employees and fails to mention

8

Chicago Motor at all except in its heading; thus, it fails to state a claim against Chicago Motor. Count XIX alleges that Chicago Motor employee Mr. Dallman maliciously and falsely accused Ms. Prince of theft in order to cover up his own theft from his employer. An employer is not responsible for the intentional torts of its employees unless they are acting in furtherance of the employer's business, *Mitchell v. Norman Jones Constr. Co.*, 684 N.E.2d 872, 878 (Ill. App. Ct. 1997), and Mr. Dallman's alleged attempt to cover up his crime against his employer was not in furtherance of its business. Furthermore, this claim is time-barred. Chicago Motor's motion to dismiss is GRANTED as to all counts.

Defendants John Day and Jesse Harris move to dismiss the claims against them. As discussed above, Counts I, II, III, and XVIII against all defendants are time-barred by the 2-year statute of limitations on § 1983 claims and Illinois personal injury actions. The failure of these claims deprives this court of subject-matter jurisdiction over the remaining counts, Counts X, XV, XVI, and XIX, which are based in state law. Furthermore, even if this court had jurisdiction, some of these counts would still fail. Counts XV and XVI, for defamation and false light in the year 2003, fail because public officials such as police officers "enjoy absolute immunity from suit for defamation and 'kindred torts' arising from statements made in the course of their official duties." *Horstman v. County of DuPage*, 284 F. Supp. 2d 1125, 1136

9

(N.D. Ill. 2003), *citing Harris v. News-Sun*, 646 N.E.2d 8, 11 (Ill. App. Ct. 1995). Mr. Day and Mr. Harris' motion to dismiss is GRANTED as to all counts.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: April 13, 2004