Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5160 | **DATE** | 8/25/2004 |
| **CASE TITLE** | Prince vs. Campbell, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant First Consumers National Bank's motion to dismiss second amended complaint is granted. Enter Memorandum Opinion and Order. The remaining defendants Jason Dallman, Doris Doe and Dorothy Campbell are dismissed for plaintiff's failure to comply with Rule 4 (m) of the Fed. R. Civ. P. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 2 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/25/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

Plaintiff has filed an objection to this court's earlier order treating her "motion to strike insufficient defense" filed on July 15, 2004, as her response to defendant's motion to dismiss. I set the briefing schedule on defendant First Consumer National Bank's motion to dismiss on May 3, 2004. At that time I gave plaintiff until May 25, 2004 to file a response. Plaintiff did not file a response but on June 22 sought additional time to respond, a motion which I granted on June 30, 2004. At that time I gave plaintiff until July 16, 2004 to file her response. Plaintiff was not at liberty to ignore my order, and I reasonably gave her the benefit of the doubt in considering the arguments made in her motion to strike as her response. She has not filed any additional arguments in response to the motion to dismiss other than her present objection, which I have considered. The objection is denied. In ruling on defendant's motion to dismiss (in a separate opinion from this order), I have also considered the fact that plaintiff is pro se; as we do anytime a defendant seeks to dismiss a complaint against a pro se plaintiff, we have done our own research before ruling on the issues of law presented by the motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INGRID PRINCE,

    Plaintiff,

v.

DOROTHY CAMPBELL, JOHN DAY, JESSE
HARRIS, AAA CHICAGO MOTOR CLUB,
JASON DALLMAN, H&R BLOCK TAX
SERVICES, REBECCA EMIGHOLZ, STEVE
HARDY, FIRST CONSUMERS NATIONAL
BANK, AMERICAN EXPRESS, CITY OF
CHICAGO AND CHICAGO POLICE
DEPARTMENT, and DORIS DOE,

    Defendants.

No. 03 C 5160



## MEMORANDUM OPINION AND ORDER

Plaintiff Ingrid Prince filed a complaint against numerous corporate and individual defendants in connection with an alleged conspiracy to frame, kidnap, and maliciously prosecute her. Ms. Prince's version of events is as follows. On or about April 27, 2001, she visited the store of defendant AAA Chicago Motor Club ("Chicago Motor"), renewed her membership, and purchased $400 worth of traveler's checks bearing the imprint of defendant American Express Travel Related Services Company, Inc. ("American Express"), with a credit card issued by defendant First Consumers National Bank ("FCNB"). Later, defendant Jason Dallman, a Chicago Motor employee, stole money from his employer and attempted to cover up his wrongdoing by forging paperwork that made it appear that Ms. Prince was responsible for the missing money. Mr. Dallman made a



false report to that effect to the Illinois Department of Central Management Services ("CMS"), which policed the 100 W. Randolph building where Chicago Motor was located. Mr. Dallman gave CMS and its employee, defendant John Day, Ms. Prince's membership and credit card information. Mr. Day then concocted a false charge of credit card fraud and circulated it to a number of people, including her employer, defendant H&R Block Tax Services ("Block"). Defendants Steve Hardy and Rebecca Emigholz, managers at Block, gave Mr. Day Ms. Prince's confidential employee file and work schedule. Mr. Day then called FCNB to report the false charge of credit card fraud, preventing Ms. Prince from accessing her bank account.

Next, Mr. Day, defendant and CMS employee Jesse Harris, defendant and Block employee Doris Doe, Mr. Hardy, and Ms. Emigholz agreed to kidnap Ms. Prince from a tax class she was teaching. She was removed from the class at 203 N. LaSalle in Chicago and taken to the 100 W. Randolph building. There, she was arrested and imprisoned. At a preliminary hearing on the felony charges, a finding of no probable cause was entered. On July 24, 2003, Ms. Prince filed this suit seeking financial restitution from the various defendants. Several defendants moved to dismiss the claims against them, and I granted those motions in my order of April 13, 2004. Now FCNB moves to dismiss all claims against it, relying on

the arguments made in its co-defendants' motions to dismiss and the conclusions in my earlier order. That motion is GRANTED.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, and grant the motion only if the plaintiff can prove no set of facts to support her claim. *Thompson v. Ill. Dep't of Prof. Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). However, a plaintiff can plead herself out of court by pleading facts that undermine the allegations set forth in her complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Most of the counts in the complaint allege acts by "the defendants"; however, I have attempted to distinguish which counts complain of acts by FCNB.

Counts I (unlawful arrest), II (false imprisonment), and III (conspiracy to violate Ms. Prince's civil rights), are alleged against all defendants under the theory that all defendants conspired in a grand scheme against Ms. Prince. To state a conspiracy claim under 42 U.S.C. § 1983 against a private actor such as FCNB, a plaintiff must allege that: 1) state officials and private individuals reached an understanding to deprive her of her constitutional rights; and 2) the private actors were willful participants in joint activity with the state or its agents. *Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000). However, a vague and conclusory allegation that a conspiracy existed is not sufficient to state a claim; a complaint must

contain factual allegations suggesting that defendants reached a meeting of the minds. *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999) (dismissing a conspiracy charge where the complaint included only a bare allegation and failed to specify how or when the defendants allegedly reached an agreement, its terms, or its scope). Furthermore, these claims are time-barred by the two-year statute of limitations governing § 1983 actions, which began to run, at the latest, on the date of Ms. Prince's arrest and confinement, July 17, 2001. *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996).

In Counts V, VI, VII, and VIII, Ms. Prince alleges breach of contract and breach of covenant of good faith and fair dealing against FCNB, and seeks special damages against it. In Count XVIII, she alleges intentional infliction of emotional distress. Such claims sound, if at all, solely in state law. The failure of the federal claims deprives this court of subject-matter jurisdiction over the pendent state-law claims. The intentional infliction of emotional distress claim is also time-barred by the two-year statute of limitations governing Illinois personal injury actions.

Ms. Prince attempts to preserve the state-law claims by alleging in her response to FCNB's motion to dismiss that diversity exists between herself and Oregon-based FCNB and that the amount in controversy is greater than $75,000. However, diversity among plaintiffs and defendants must be complete, and Ms. Prince's

4

surviving claims against several Illinois citizens destroy complete diversity in this case.

                                **ENTER ORDER:**

                                */s/ Elaine E. Bucklo*
                                **Elaine E. Bucklo**
                                United States District Judge

Dated:     August 25, 2004